U.S. Bank N.A. v Santos (2023 NY Slip Op 03942)

U.S. Bank N.A. v Santos

2023 NY Slip Op 03942

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-00244
 (Index No. 701659/20)

[*1]U.S. Bank National Association, etc., appellant,
v
Cristy Santos, et al., respondents, et al., defendants.

Hinshaw & Culbertson, LLP, New York, NY (Dana B. Briganti and Schuyler B. Kraus of counsel), for appellant.
Salfarlie Salfarlie & Assoc., P.C., Jamaica, NY (Justin F. Pane of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered December 22, 2020. The order granted the motion of the defendants Cristy Santos and Zafar Qureshi pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the motion of the defendants Cristy Santos and Zafar Qureshi pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
In September 2006, the defendant Cristy Santos executed an adjustable rate note secured by a mortgage on certain property in Queens Village. In October 2009, Bank of America, N.A. (hereinafter BOA), commenced an action to foreclose the mortgage (hereinafter the 2009 action). Santos failed to appear or answer the complaint. In December 2015, BOA moved, inter alia, for leave to enter a default judgment against Santos, and for an order of reference. Santos opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The Supreme Court denied BOA's motion, and granted Santos's cross-motion. BOA appealed, and this Court affirmed (see Bank of Am., N.A. v Santos, 175 AD3d 449, 451).
In January 2020, the plaintiff commenced the instant action to foreclose the mortgage against Santos and the defendant Zafar Qureshi (hereinafter together the defendants), among others. In lieu of answering the complaint, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The plaintiff opposed the motion. By order entered December 22, 2020, the Supreme Court granted the motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see id. § 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of [*2]Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, the defendants demonstrated that the 2009 action was commenced, and the debt accelerated, in October 2009, that the statute of limitations expired six years later in October 2015 (see CPLR 213[4]; U.S. Bank N.A. v Bhimsen, 206 AD3d 846, 849), and that the plaintiff did not commence this action until January 2020. Thus, the defendants established, prima facie, that this action was time-barred (see Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773).
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period. The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in . . . [CPLR 3215] . . . , the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period." Here, the complaint in the 2009 action was dismissed insofar as asserted against Santos as abandoned pursuant to CPLR 3215(c) (see Bank of Am., N.A. v Santos, 175 AD3d 449). Therefore, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a.
However, the plaintiff challenges the constitutionality of FAPA, contending, inter alia, that FAPA violates the Due Process Clause and the Contract Clause of the United States Constitution. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the defendants' motion, we remit the matter to the Supreme Court, Queens County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the defendants' motion thereafter (see U.S. Bank N.A. v Simon, 216 AD3d 1041).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court