Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon (2023 NY Slip Op 06109)

Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon

2023 NY Slip Op 06109

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-00800
2021-03357
2021-04205
 (Index No. 524129/18)

[*1]Anglestone Real Estate Venture Partners Corp., respondent, 
v
Bank of New York Mellon, etc., appellant, et al., defendants.

Akerman LLP, New York, NY (Jason D. St. John and Ashley S. Miller of counsel), for appellant.
Richland & Falkowski, PLLC, Astoria, NY (Daniel H. Richland of counsel), for respondent.
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant Bank of New York Mellon appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 23, 2020, (2) an undated judgment of the same court, and (3) an order of the same court dated April 15, 2021. The order dated December 23, 2020, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the plaintiff's cross-motion which was for summary judgment on the complaint insofar as asserted against that defendant. The judgment, upon the order dated December 23, 2020, inter alia, canceled and discharged of record the mortgage. The order dated April 15, 2021, denied that defendant's motion, in effect, to vacate the judgment and for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it.

DECISION & ORDER
Motion by the respondent, inter alia, to dismiss the appeal from the order dated December 23, 2020, on the ground that the right of direct appeal therefrom terminated upon the entry of the judgment in the action. By decision and order on motion of this Court dated November 29, 2021, that branch of the motion which is to dismiss the appeal from the order dated December 23, 2020, was held in abeyance and referred to the panel of Justices hearing the appeals from the order dated December 23, 2020, the judgment, and the order dated April 15, 2021, for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated December 23, 2020, is granted; and it is further,
ORDERED that the appeal from the order dated December 23, 2020, is dismissed; [*2]and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order dated April 15, 2021, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated December 23, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated December 23, 2020, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On September 9, 2005, Ronald Vicars (hereinafter the borrower) executed a note in the amount $400,000 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a mortgage on certain real property located in Brooklyn.
On August 24, 2011, the Bank of New York Mellon (hereinafter BNY Mellon), Countrywide's successor in interest, commenced an action to foreclose the mortgage against the borrower, among others (hereinafter the first foreclosure action). The complaint stated that "plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal." On June 24, 2013, BNY Mellon filed a stipulation discontinuing the first foreclosure action.
On October 26, 2015, BNY Mellon commenced a second action to foreclose the mortgage against the borrower, among others (hereinafter the second foreclosure action). The complaint in the second foreclosure action stated that "plaintiff elects herein to call due the entire amount secured by the mortgage(s)." In an order dated April 26, 2017, the Supreme Court granted BNY Mellon's motion to discontinue the second foreclosure action.
In a letter dated February 15, 2017, BNY Mellon's loan servicer, Ditech Financial, LLC, informed the borrower that BNY Mellon was de-accelerating the subject loan. The de-acceleration letter stated: "PLEASE BE ADVISED THAT TO THE EXTENT ANY PREVIOUS ACCELERATION MAY AT THIS TIME BE APPLICABLE, WE HEREBY DE-ACCELERATE THE ACCOUNT, WITHDRAWING ANY PRIOR DEMAND FOR IMMEDIATE PAYMENT OF ALL SUMS SECURED BY THE SECURITY INSTRUMENT AND RE-INSTITUTE THE ACCOUNT AS AN INSTALLMENT ACCOUNT." Billing statements show that the borrower did not resume making payments after receiving the de-acceleration letter.
In a deed dated November 11, 2017, the borrower transferred ownership of the property to Anglestone Real Estate Venture Partners Corp. (hereinafter Anglestone). On November 30, 2018, Anglestone commenced the instant action against BNY Mellon, among others, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations in which to commence a foreclosure action had expired. On or about February 4, 2020, BNY Mellon moved for summary judgment dismissing the complaint insofar as asserted against it. Anglestone cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against BNY Mellon.
In an order dated December 23, 2020, the Supreme Court, inter alia, denied BNY Mellon's motion for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of Anglestone's cross-motion which was for summary judgment on the complaint insofar as asserted against BNY Mellon. Thereafter, the court issued a judgment, inter alia, canceling and discharging of record the mortgage. BNY Mellon appeals from the judgment.
On or about March 11, 2021, BNY Mellon moved, in effect, to vacate the judgment and for leave to renew its motion for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 15, 2021, the Supreme Court denied the motion. BNY Mellon appeals from this order.
The Supreme Court properly determined that the statute of limitations within which to commence an action to foreclose the mortgage had expired. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). Here, the mortgage debt was accelerated, and the statute of limitations began to run, on August 24, 2011, when BNY Mellon commenced the first foreclosure action in which it elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201; U.S. Bank N.A. v Connor, 204 AD3d at 863). Contrary to BNY Mellon's contention, pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA), the voluntary discontinuances of the prior actions did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Bank of New York Mellon v Norton, 219 AD3d 680). Also contrary to BNY Mellon's contention, pursuant to CPLR 203, as amended by FAPA, the unilateral de-acceleration letter sent to the borrower also failed to revive or reset the statute of limitations (see id. § 203[h]; East Fork Funding LLC v U.S. Bank, N.A., 2023 WL 2660645, *3, 2023 US Dist LEXIS 56719, *8 [ED NY, No. 20CV3404 (AMD) (RML)]). Additionally, BNY Mellon's contention that the statute of limitations is preempted by 12 USC § 1701j-3(b)(1), a provision of the Garn-St. Germain Depository Institutions Act of 1982, is without merit.
Since more than six years have elapsed since the mortgage debt was first accelerated, the Supreme Court properly canceled and discharged of record the mortgage pursuant to RPAPL 1501(4). The court also properly denied BNY Mellon's motion, in effect, to vacate the judgment and for leave to renew its motion for summary judgment dismissing the complaint insofar as asserted against it (see CPLR 2221[e]; see also CPLR 203[h]; 3217[e]).
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court