| **Citibank, N.A. v Inga** |
| --- |
| 2025 NY Slip Op 30073(U) |
| January 8, 2025 |
| Supreme Court, Queens County |
| Docket Number: Index No. 710451/2020 |
| Judge: Ulysses B. Leverett |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------------x
CITIBANK, N.A., AS TRUSTEE FOR CMLTI,
ASSET TRUST,

                                              Plaintiff,

                                                              Index No.: 710451/2020
                        -against-                             Motion Sequence Nos. 5 and 6


LUIS INGA, "JOHN DOE" and "JANE DOE," said names
being fictitious, it being the intention of Plaintiff to designate      **DECISION and ORDER**
any and all occupants of the premises being foreclosed herein,
EAST ELMHURST ASSETS LLC,


                                              Defendants.
-------------------------------------------------------------------------------x
Present: HON. ULYSSES B. LEVERETT, J.S.C.



                                                              Papers Numbered

Notice of Motion – Affirmation/Affidavit in Support –
Statement of Facts – Exhibits (Motion Sequence No. 5)          EF 181-190
Notice of Amended Motion – Affirmation – Exhibits
(Motion Sequence No. 5)                                        EF 191-193
Affirmation in Reply (Motion Sequence No. 5)                  EF 196
Notice of Motion – Affirmations – Exhibits – Statement of Facts –
Memorandum (Motion Sequence No. 6)                            EF 197-204
Affirmation In Opposition – Statement of Facts – Exhibits     EF 210-212
(Motion Sequence No. 6)
Affirmation in Reply (Motion Sequence No. 6)                  EF 213

        Upon the foregoing papers, Defendant East Elmhurst Assets LLC's (Elmhurst LLC)
motion for an order granting summary judgment, pursuant to CPLR § 3212, on Defendant's third
affirmative defense that Plaintiff's Complaint is time-barred pursuant to the statute of limitations;
and Defendant's counterclaim to cancel and discharge Plaintiff's mortgage, pursuant to RPAPL
§ 1501(4) (Motion Sequence No. 5); Plaintiff Citibank, N.A., as trustee for CMLTI, Asset
Trust's (Citibank) motion (Motion Sequence No. 6) for summary judgment for dismissal of
Defendant's affirmative defenses pursuant to CPLR § 3211(b); default judgment against the non-
appearing Defendants, pursuant to CPLR § 3215; appointment of a referee, pursuant to RPAPL §
1321; and substitution of Maria Vilchis, Felix Vilchis, Marlene Munere, Maria Gonzalez,
Francisco Ramirez, Ana Gonzalez, and Edgar Pelaez in place of John and Jane Does; and
amendment of the caption is decided as follows:

        On July 17, 2020, Plaintiff Citibank commenced this foreclosure action against
Defendant Inga. Defendant Inga was the fee simple owner of the subject premises known and
located at 100-02 31st Avenue, East Elmhurst, New York, Block 1686: Lot 1, pursuant to a deed,
dated November 10, 2004, recorded in New York City Department of Finance Office of the City
Register, under CRFN 2004000742942. On March 16, 2006, Defendant Inga executed a

                                              [1]

mortgage and note for $668,000.00, in favor of Option One Mortgage Corporation securing the subject premises as collateral security for the note. The mortgage was assigned to H&R Block Bank FSB on June 30, 2010, and recorded on August 5, 2010. The mortgage was then assigned to HRB Holding, LLC on February 26, 2014, and recorded March 5, 2014. The mortgage was thereafter assigned to Plaintiff Citibank on March 31, 2017, and recorded on April 19, 2017.

Defendant Inga asserted in its motion for summary judgment (Motion Sequence No. 3), filed March 17, 2023, that the within foreclosure action commenced by Citibank on July 17, 2020, was barred by the statute of limitations as a result of Plaintiff predecessor in interest's (H&R Block Bank FSB) substantially similar prior foreclosure action, being filed on August 10, 2010. Defendant Inga also argued that there was no tolling of the applicable six-year statute of limitations for foreclosure actions due to the December 30, 2022 Foreclosure Abuse Prevention Act (FAPA), which prevents the October 24, 2016 voluntary discontinuance of a prior foreclosure action, or extensions of foreclosure actions dismissed as abandoned. On July 8, 2015, Judge Salvatore Modica dismissed as abandoned the August 10, 2010 foreclosure action (Supreme Court Index No. 20258/2010) by H&R Block Bank FSB. Judge Modica also granted prior Plaintiff H&R Block Bank's motion to voluntarily discontinue the August 10, 2010 foreclosure, pursuant to an Order dated October 24, 2016, and filed November 10, 2016.

On August 5, 2018, Defendant Inga commenced a quiet title action in Queens County Supreme Court, Index No. 712086/2018, seeking cancellation and discharge of Defendant's underlying mortgage and executed note, dated March 16, 2006, for $668,000.00. Defendant Inga alleged that the loan was accelerated when Plaintiff's predecessor in interest, H&R Block Bank, commenced a foreclosure action on August 10, 2010, under Queens County Index No. 20258/2010, and that the statute of limitations continued to run after the foreclosure action was dismissed by Judge Modica on July 8, 2015, but was later voluntarily discontinued on August 10, 2010.

On April 12, 2021, Defendant Inga moved to dismiss and for summary judgment in the quiet title action pending before Judge Denis Butler, under Index No. 712086/2018. Defendant Inga also moved for dismissal of the within foreclosure action on grounds similarly asserted in the action before Justice Butler. On March 22, 2021, this Court stayed Defendant Inga's motion to dismiss the foreclosure complaint pursuant to CPLR § 2201 pending disposition of the parties motion returnable before Justice Butler in April 2021, seeking similar relief.

Pursuant to an Order, dated November 9, 2021, in the quiet title action before Justice Butler, Inga's motion to cancel the mortgage based upon expiration of the six-year statute of limitations was denied, and Defendant Citibank's motion to dismiss the quiet title action was granted. Justice Butler found that Defendant Citibank, N.A. deaccelerated the mortgage by letter to Plaintiff Inga, dated September 24, 2015, and that Defendant Citibank, N.A. timely commenced the foreclosure action against Plaintiff.

Following Justice Butler's November 9, 2021 decision, this Court by So-Ordered Stipulation, dated May 25, 2022, granted Plaintiff Citibank's motion to vacate the March 22, 2021 stay of the foreclosure action. The May 25, 2022 Stipulation also provided that Defendant Inga's motion to dismiss the foreclosure action was denied and Plaintiff Citibank's cross-motion

[2]

to consolidate action's Index No. 712086/2018 with the current action's Index No. 710451/2020 was denied. Defendant Inga was given thirty (30) days to file an answer to the foreclosure complaint. Defendant's answer was filed on June 24, 2022.

Thereafter, this Court, pursuant to its Decision and Order, dated December 13, 2023, denied Defendant Inga's motion for summary judgment (Motion Sequence No. 3), filed March 17, 2023. The Order provided in pertinent part:

> The Court finds on the respective motions before the Court that while the Foreclosure Abuse Prevention Act (FAPA), effective December 30, 2022, time barred Plaintiff's foreclosure complaint, Defendant Inga is not a necessary party to this foreclosure action and lacks standing to assert defenses of FAPA, as Defendant Inga, on August 27, 2020, transferred his entire interest in the subject property after the July 17, 2020 commencement of this foreclosure action. Nor did Defendant Inga have fee simple ownership of the subject premises at the filing of his March 17, 2023 summary judgment motion.
>
> Plaintiff argues that Defendant Inga's affirmative defense and counterclaim of the expiration of the six-year statute of limitation for foreclosure is precluded by the doctrine of res judicata and collateral estoppel. Plaintiff Citibank relies on the res judicata and collateral estoppel of Justice Butler's November 9, 2021 finding that Plaintiff properly deaccelerated Defendant Inga's mortgage loan and thereafter timely commenced the foreclosure action against Inga. However, FAPA became effective on December 30, 2022, and Justice Butler's prior November 2021 Order did not rule on the applicability of FAPA. The Court notes that FAPA establishes that:
>
> (a) a unilateral de-acceleration notice does not revoke acceleration of mortgage loan pursuant to CPLR § 203(h);
> (b) a voluntary discontinuance also does not act to revoke acceleration of a mortgage debt pursuant to CPLR § 3217(e);
> (c) that an acknowledgement, promise or agreement, express or implied, shall not postpone, cancel, reset, toll, revive, or otherwise extend the statute of limitations. GOL § 17-105(4); and
> (d) no saving statute applies pursuant to CPLR § 205-a to prior action dismissed as abandoned and voluntarily discontinued.
>
> These statutory interpretations of FAPA have been upheld by the Appellate Courts. See *Bank of New York Mellon v. Stewart*, 216 A.D.3d 720 (2d Dept. 2023) and *U.S. Bank N.A. v. Fox*, 213 A.D.3d 445 (1st Dept. 2023) …

[3]

[* 3]

> However, when a borrower transfers his entire interest in the subject property, after commencement of a foreclosure action, and the Plaintiff waives any claim for deficiency judgment against the borrower, the borrower lacks standing to defend the action. See *U.S. Bank N.A. Nur*, 208 A.D.3d 708 (2d Dept. 2022) and *Nationstar Mortgage LLC v. Lisa M. Leib*, 216 A.D.3d 651 (2d Dept. 2023).

> To make a claim to cancel and discharge a mortgage pursuant to RAPL § 1501(4) the party must have an interest in the real property. See *Guccione v. Est. of Guccione*, 84 A.D.3d 867 (2d Dept. 2011).

This Court found that Defendant Inga transferred his interest in the subject property to East Elmhurst Assets LLC on August 27, 2020. This Court accordingly granted Plaintiff Citibank's motion to discontinue the foreclosure action against Defendant Inga as a non-necessary party without interest and standing.

Defendant Elmhurst LLC now seeks an Order for summary judgment on its third affirmative defense that Plaintiff Citibank's foreclosure complaint is time barred pursuant to CPLR § 213(4)'s six-year statute of limitations and FAPA, even though contrary to Justice Butler's November 9, 2021 Order. Justice Butler found in Luis Inga's RPAPL § 1501(4) quiet title action, that Citibank's letter to Plaintiff Inga, dated September 24, 2015, lawfully revoked any purported acceleration, and deaccelerated the mortgage loan. The Court granted Defendant Citibank's motion to dismiss Plaintiff Inga's claim that the statute of limitations expired since the mortgage was again accelerated by the commencement of the action.

Here, Plaintiff Citibank argues that Justice Butler's prior November 9, 2021 final disposition on the merits as to the timeliness of Plaintiff Citibank's foreclosure action must be given claim preclusion under the doctrine of res judicata or issue preclusion under the principle of collateral estoppel. Plaintiff Citibank also argues that even if FAPA's additions of CPLR §§ 3217(e) and 203(h) prohibited a mortgagee bank from unilaterally extending, waiving, postponing, cancelling, tolling, reviving, or resetting the accrual of the statute of limitations, the indefinite retroactive application of CPLR § 203(h) is unconstitutional. Plaintiff Citibank asserts that the September 24, 2015 de-acceleration letter sent approximately seven (7) years prior to the December 30, 2022 effective date of FAPA, absent indefinite retroactivity, would have been timely under New York State law in existence when the letter was sent.

This Court in its previous December 13, 2023 Decision and Order noted that Justice Butler's November 9, 2021 Decision did not rule upon the applicability of FAPA, that did not become effective until December 30, 2022. The Appellate Courts in this department have determined that the legislature intended that FAPA be applied retroactively. See *Bank of New York Mellon v. Denise Stewart, et al.*, Supreme Court Appellate Division, Second Department, Docket No. 2019-13971, *Wells Fargo Bank N.A. v. Edwards*, 2024 N.Y. Slip Op. 05368 (2d Dept. 2024) and *Anglestone Real Estate Venture Partner Corp. v. Bank of New York Mellon*, 221 A.D.3d 943 (2d Dept. 2023). The Appellate Division, in *Wells Fargo v. Edwards*, examined the

[4]

[* 4]

effect of the voluntary discontinuance of an action under CPLR § 3217. The Court held in part:

> Wells Fargo's contention that CPLR § 3217(e), added under FAPA, was not intended to have retroactive effect is without merit. FAPA took effect "immediately," applying "to all actions commenced on an instrument described under [CPLR § 213(4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). Thus, "[a]lthough the Legislature did not explicitly state that FAPA should apply retroactively, it clearly indicated that it should." (*Genovese v. Nationstar Mortgage LLC*, 223 A.D.3d 37, 44 (1st Dept. 2023)).

The Appellate Court in *Wells Fargo v. Edwards* retroactively applied the FAPA Amendments and found that the voluntary discontinuance of the 2005 action did not serve to reset the statute of limitations. However, the Court also remitted the matter for determination of constitutional challenges of FAPA.

Plaintiff also argues that the application of FAPA Amendment CPLR § 203(h) prohibiting a mortgagee from unilaterally extending, waiving, postponing, cancelling, tolling, reviving, or resetting the accrual of the statute of limitations is an unconstitutional indefinite retroactivity. Plaintiff contends that the September 24, 2015 de-acceleration letter mailed to Inga seven (7) years prior to the December 30, 2022 effective date of the FAPA Amendment of CPLR § 203(h) is an unconstitutional retroactive taking of a prior procedural and substantive right. Plaintiff states the retroactive procedural statute, such as CPLR § 203(h), should be applied prospectively to pending proceeding and procedural steps taken after the enactment. Plaintiff notes that amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated. Citing *Nelson v. HSBC Bank USA*, 87 A.D.3d 995 (2011) and *Regina Metropolitan Co., LLC v. NYS Div. of Housing and Community Renewal (DHCR)*, 35 N.Y.3d 332 (2020).

In *Regina v. DHCR*, the Court of Appeals provided a framework to determine whether a statute had an unconstitutional retroactive effect. The Court of Appeals used a three-part analysis derived from the U.S. Supreme Court case of *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). The Court stated that, absent clear legislative intent to the contrary, a new statute should not be applied to events preceding its enactment if "(1) it would impair rights a party possessed when he acted, (2) increase a party's liability for past conduct, or (3) impose new duties with respect to transactions already completed, thus impacting 'substantive' rights. On the other hand, a statute that affects only 'the proprietary of prospective relief' ... has no potentially problematic retroactive effect even when the liability arises from past conduct." 35 N.Y.3d at 365 (citations omitted)."

Defendant Elmhurst LLC, in opposition, argues that FAPA is constitutional and applies to all pre-enforcement foreclosure cases retroactively by its explicit terms and legislative intent and Citibank shows no vested interest. Defendant argues that clear factors that show legislative intent for a new statute to be applied retroactively include, "(1) whether the Legislature made a specific pronouncement about retroactive effect or conveyed a sense of urgency; (2) whether the

[5]

[* 5]

statute was designed to rewrite an unintended judicial interpretation; and (3) whether the enactment itself reaffirms a legislative judgment about what the law in question should be. *Matter of Gleason*, 96 N.Y.2d 117, 122 (2001)."

Here, FAPA § 10 provides that "this Act shall take effect immediately," and "shall apply to all actions commenced on an instrument described under CPLR § 213(4), in which a final judgment of foreclosure and sale has not been enforced." FAPA's legislative memorandum in support (2021 Bill Text 7737) explained that "there is an urgent need to pass this bill to overrule the Court of Appeals' recent decision in *Freedom Mortgage Corp. v. Engel*, 33 N.Y.3d 1 (2021)," and that "the purpose of the remedial legislation is to clarify the meaning of existing statutes , codify correct judicial applications thereof, and rectify erroneous judicial interpretations thereof …" to "ensure the laws of this state apply equally to all litigants, including those currently involved in mortgage foreclosures and related actions."

However, FAPA arguably would have the effect of retroactively nullifying prior final judicial determinations that dismissed prior owner Inga's RPAPL § 1501(4) quiet title action in violation of substantive constitutional due process claims to vested rights to enforce the mortgage contract.

Plaintiff Citibank argues that Justice Butler's November 9, 2021 Order dismissing Luis Inga's quiet title action against Citibank, under Supreme Court Index No. 712086/2018, was a final adjudication of a claim of Inga's interest in the subject property, based on statutorily permitted voluntary de-acceleration of the mortgage debt, and reset of the statute of limitations. Citibank argues that Inga did not perfect its Notices of Appeals, dated December 6, 2021 and December 14, 2021, and that appeals were deemed dismissed as of September 15, 2022. See also *Citibank N.A. v. Kerszko*, 203 A.D.3d 42 (2d Dept. 2022). Citibank further argues that the judicial determination that the statute of limitations did not expire is res judicata in that (1) there is a judgment on the merits rendered by a Court of competent jurisdiction; and (2) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was. See *Albanez v. Charles*, 20 N.Y.S.3d 567 (2d Dept. 2015).

The Court finds the judicial determination made by Justice Butler on November 9, 2021 is res judicata and that the statute of limitations did not expire after the service of the de-acceleration notice on September 24, 2015, and established a substantive due process accrued vested right to enforce the mortgage under New York law prior to CPLR § 203(h), and which is not constitutionally retroactive under FAPA.

The purpose of res judicata is to ensure finality, prevent vexatious litigations, and promote judicial economy. The finality of rights under litigation is the province of the Court based upon the constitutional separation of powers. See Art. I § 1; Art. II, § 1, Cl. 1; Art. III § 1 of the U.S. Constitution. See also New York State Constitution Art. III, § 1; Art. IV, § 1; Art. VI, § 5. The legislative branch makes the laws, the executive branch executes the laws, and the judiciary interprets and applies the law to cases brought before the Court for final determination.

Readjudication of controversies that have been litigated to final judgment by the Courts is not the function of the legislature. See *Ruiz v. United States*, 243 F.3d 941 (5th Cir. 2001), and

[6]

*Wilmington Trust, N.A. v. Edward Gawlowski*, 81 Misc. 3d 683 (2023). It is the province and the duty of the Courts to say what the law is and to declare unconstitutional a law it deems contrary to the Constitution. See *Marbury v. Madison*, 5 U.S. 137 (1803). Statutory amendments are presumed to be prospective to prevent upsetting reliance, interest, and triggering fundamental concerns of fairness in attaching new legal consequences to events completed before its enactment. See *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). Here, a judicial determination of a permitted deacceleration to allow for a remedy of a breach of the mortgage contract, and not just to avoid a statute of limitations, is a vested right.

The retroactivity clause of a statute must have a rational basis to avoid constitutional due process violation. However, judicially vested rights that are no longer reviewable by a higher Court have been found to be res judicata and not subject to the retroactivity clause of a statute. See *Opalinski v. City of New York*, 205 A.D.3d 917 (2d Dept. 2022). See also *Wilmington Trust, N.A. v. Gawlowski*, 81 Misc. 3d 683 (2023), striking the unconstitutional retroactive clause.

The Court finds that the November 9, 2021 decision of Justice Butler was a final determination on the statute of limitations issue, that has res judicata effect and is not subject to the unconstitutional retroactivity clause of FAPA.

Accordingly, Defendant East Elmhurst Assets LLC's Motion for Summary Judgment to dismiss the Complaint and discharge the mortgage is denied.

Plaintiff Citibank's Motion for Summary Judgment to dismiss Defendant's affirmative defenses, appoint a referee, substitute named Defendants in place of John and Jane Does, and to amend the caption is granted in its entirety.

This is the Decision and Order of this Court.

Dated: 1/8/2025

Hon. Ulysses B. Leverett, J.S.C.

HON. ULYSSES B. LEVERETT

**FILED**
1/13/2025
COUNTY CLERK
QUEENS COUNTY

[7]

7 of 7

[* 7]