US Bank Trust, N.A. v Horowitz (2025 NY Slip Op 03095)

US Bank Trust, N.A. v Horowitz

2025 NY Slip Op 03095

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-10254
 (Index No. 515931/18)

[*1]US Bank Trust, N.A., etc., respondent,
v
Naftali Horowitz, et al., appellants, et al., defendants.

Berg & David, PLLC, Inwood, NY (Issac Cwibeker and Abraham David of counsel), for appellants.
Locke Lord LLP, New York, NY (William D. Foley, Jr., and Harry K. Tiwari of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Naftali Horowitz and Surie Horowitz appeal from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated August 17, 2022. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and for an award of attorneys' fees.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Naftali Horowitz and Surie Horowitz for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and for an award of attorneys' fees is granted.
On February 8, 2008, the defendant Naftali Horowitz executed and delivered a note to HSBC Mortgage Corporation (USA) (hereinafter HSBC) in the amount of $420,000, secured by a mortgage on certain real property located in Brooklyn.
In June 2010, HSBC, the plaintiff's predecessor in interest, commenced an action against Naftali Horowitz and the defendant Surie Horowitz (hereinafter together the defendants), among others, to foreclose the mortgage (hereinafter the 2010 action). In the complaint in the 2010 action, HSBC elected to call due the entire amount secured by the mortgage, thereby accelerating the mortgage debt. By order dated November 14, 2013, the Supreme Court directed dismissal of the 2010 action as abandoned pursuant to CPLR 3215(c). HSBC then sent Naftali Horowitz a letter on May 10, 2016, informing him that it revoked any prior acceleration of the mortgage debt (hereinafter the revocation letter) and that the mortgage loan was restored to installment status. On June 9, 2017, after a series of assignments, the mortgage was assigned to the plaintiff. Thereafter, on August 6, 2018, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. In January 2020, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff opposed the motion, contending, among other things, that the revocation letter reset the limitations period and therefore, [*2]this action was timely. In an order dated August 17, 2022, the court, inter alia, denied the defendants' motion. The defendants appeal.
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863). Prior to recent statutory changes in the law, under the appropriate set of circumstances, the limitations period could be reset by a mortgagee upon a valid notice of revocation of that acceleration (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 28; Milone v US Bank N.A., 164 AD3d 145, 153). However, in December 2022, the Legislature enacted the Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). As relevant, FAPA amended CPLR 203, governing the method of computing periods of limitation generally, by adding a new paragraph, which provides that "[o]nce a cause of action upon [a mortgage debt having a six-year statute of limitations] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute" (id. § 203[h]).
Applying FAPA here, the revocation letter did not de-accelerate the mortgage debt nor did it "revive or reset" the statute of limitations (Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946). Since the plaintiff commenced this action more than six years after the initial acceleration of the mortgage debt, the defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them as time-barred (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d 721, 723).
In opposition, the plaintiff failed to raise a triable issue of fact as to the timeliness of the action. Contrary to the plaintiff's contention, while FAPA does not explicitly state that it applies retroactively, the statute's remedial nature and the direction by the Legislature that the law "shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10), evince an intent that FAPA should be applied retroactively in this case (see FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038; see also Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 45). Moreover, the plaintiff has failed to demonstrate that the retroactive application of FAPA violates the Due Process, Contracts, or Takings Clauses of the United States Constitution or the New York State Constitution (see FV-1, Inc. v Palaguachi, 234 AD3d 818; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038; see also U.S. Bank N.A. v Lynch, 233 AD3d 113).
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court