US Bank N.A. v Levy (2025 NY Slip Op 03599)

US Bank N.A. v Levy

2025 NY Slip Op 03599

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-09907
 (Index No. 612762/17)

[*1]US Bank National Association, etc., appellant,
v
Bina Levy, et al., respondents, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Adam D. Weiss of counsel), for appellant.
Rosenberg & Estis, P.C., New York, NY (Christopher A. Gorman of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered August 15, 2023. The order granted the motion of the defendants Bina Levy and Isaac Levy for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
On December 9, 2003, the defendant Bina Levy executed a note in favor of Fairmont Funding, Ltd. (hereinafter Fairmont), secured by a mortgage encumbering certain real property located in Nassau County. The mortgage agreement was signed by both Bina Levy and the defendant Isaac Levy (hereinafter together the defendants).
On September 17, 2010, the plaintiff, Fairmont's successor in interest, commenced an action against, among others, the defendants to foreclose the mortgage (hereinafter the 2010 action). In the complaint in the 2010 action, the plaintiff elected to call due the entire amount secured by the mortgage. In an order dated September 23, 2016, the Supreme Court, among other things, granted the plaintiff's motion to discontinue the 2010 action and directed dismissal of the complaint in the 2010 action without prejudice.
In November 2017, the plaintiff commenced this action against, among others, the defendants, inter alia, to foreclose the mortgage. The defendants' answer alleged as an affirmative defense that the action was barred by the statute of limitations.
On January 11, 2023, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred pursuant to the Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821, § 8 [eff. Dec. 30, 2022]). In its opposition, the plaintiff submitted a letter dated July 8, 2016, to the defendants, purporting to de-accelerate the mortgage debt and further contended, among other things, that the retroactive application of FAPA would violate the Due Process and Takings Clauses of the United States Constitution. In an order entered August 15, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Contrary to the plaintiff's contentions, the Supreme Court properly determined that the defendants were entitled to summary judgment dismissing the complaint insofar as asserted against them as time-barred. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank, N.A. v Connor, 204 AD3d 861, 862-863). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672, 673).
Here, the mortgage debt was first accelerated, and the statute of limitations began to run, when the plaintiff commenced the 2010 action, in which it elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Contrary to the plaintiff's contention, pursuant to CPLR 3217, as amended by FAPA, the voluntary discontinuance of the 2010 action did not serve to revive or reset the statute of limitations (see id. § 3217[e]; Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). Also contrary to the plaintiff's contention, pursuant to CPLR 203, as amended by FAPA, the plaintiff's purported unilateral de-acceleration of the loan failed to revive or reset the statute of limitations (see id. § 203[h]; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946-947).
Further, the Supreme Court properly determined that the retroactive application of FAPA did not violate the Due Process or Takings Clauses of the United States Constitution (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1068; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042). Since the instant action was commenced more than six years after September 17, 2010, this action is untimely.
The parties' remaining contentions need not be reached in view of the foregoing.
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court