MTGLQ Invs., L.P. v Rodgers (2025 NY Slip Op 03804)

MTGLQ Invs., L.P. v Rodgers

2025 NY Slip Op 03804

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-07139
 (Index No. 701167/18)

[*1]MTGLQ Investors, L.P., appellant, 
v
Charles Rodgers, Jr., respondent, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered June 16, 2022. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Charles Rodgers, Jr., to strike that defendant's answer, and for an order of reference, and granted those branches of that defendant's cross-motion which were for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaims.
ORDERED that the order is affirmed, without costs or disbursements.
In 2007, the defendant Charles Rodgers, Jr. (hereinafter the defendant), executed a mortgage encumbering certain real property located in Laurelton. On September 11, 2009, the plaintiff's predecessor in interest, OneWest Bank, FSB (hereinafter OneWest), commenced an action against, among others, the defendant, to foreclose the mortgage (hereinafter the 2009 action). In the complaint, OneWest elected to call due the entire amount secured by the mortgage. In an order entered January 17, 2018, the Supreme Court granted OneWest's motion to discontinue the 2009 action.
On January 24, 2018, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. The defendant interposed an answer in which he asserted, inter alia, the affirmative defense of the statute of limitations and counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaims. In an order entered June 16, 2022, the Supreme Court denied the plaintiff's motion and granted those branches of the defendant's cross-motion. The plaintiff appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041 [internal quotation marks omitted]; see Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the [*2]statute of limitations begins to run on the full amount due" (Citibank, N.A. v Horan, 230 AD3d 1216, 1217). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152; see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1041; Citibank, N.A. v Horan, 230 AD3d at 1217; Collins v Bank of N.Y. Mellon, 227 AD3d at 950).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run on September 11, 2009, when OneWest commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see Citimortgage, Inc. v Gunn, 234 AD3d 922, 923). The defendant further demonstrated that the instant action was commenced in January 2018, more than six years later (see id.).
The plaintiff contends that a letter dated September 10, 2015, purporting to de-accelerate the mortgage debt served to revoke the acceleration of the debt and that, therefore, this action was timely. However, pursuant to CPLR 203(h), which was enacted as part of the Foreclosure Abuse Prevention Act, "[o]nce a cause of action upon an instrument described in [CPLR 213(4)] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute" (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 819). Thus, contrary to the plaintiff's contention, the letter dated September 10, 2015, purporting to de-accelerate the mortgage debt did not serve to reset the statute of limitations (see CPLR 203[h]; Citimortgage, Inc. v Gunn, 234 AD3d at 924; Kandinov v Deutsche Bank Natl. Trust Co., 227 AD3d 685, 687; HSBC Bank USA, N.A. v Corrales, 224 AD3d at 819; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946-947).
Accordingly, the Supreme Court properly granted those branches of the defendant's cross-motion which were for summary judgment dismissing complaint insofar as asserted against him as time-barred and on his counterclaims.
For similar reasons, the plaintiff failed to establish its entitlement, among other things, to judgment as a matter on law on the complaint insofar as asserted against the defendant.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court