Medina v New York Mellon Trust Co., N.A. (2025 NY Slip Op 04469)

Medina v New York Mellon Trust Co., N.A.

2025 NY Slip Op 04469

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-07849
 (Index No. 715002/16)

[*1]Julio Medina, Jr., etc., appellant, Bank of 
v
New York Mellon Trust Company, N.A., etc., respondent.

Berg & David PLLC, Inwood, NY (Abraham David, Issac Cwibeker, and Sholom Wohlgelernter of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Mitchell E. Zipkin, Charles W. Miller III, and Brian McGrath of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered August 17, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and to dismiss the defendant's seventeenth, nineteenth, twentieth, twenty-second, and thirty-second affirmative defenses and granted the defendant's cross-motion to consolidate this action with an action entitled Bank of New York Mellon Trust Company, N.A. v Medina, pending in the Supreme Court, Queens County, under Index No. 712092/18, to the extent of directing that the actions be tried jointly.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and to dismiss the defendant's seventeenth, nineteenth, twentieth, twenty-second, and thirty-second affirmative defenses are granted, and the defendant's cross-motion to consolidate this action with an action entitled Bank of New York Mellon Trust Company, N.A. v Medina, pending in the Supreme Court, Queens County, under Index No. 712092/18, is denied.
In October 2006, Julio Medina, Jr., by his attorney-in-fact, executed a consolidated note and a consolidation, extension, and modification agreement encumbering certain real property located in Bayside. In June 2008, an action was commenced against Medina, among others, to foreclose the consolidated mortgage (hereinafter the 2008 foreclosure action). The 2008 foreclosure action was discontinued by a so-ordered stipulation dated December 10, 2012.
In December 2016, Medina commenced the instant action against the defendant, Bank of New York Mellon Trust Company, N.A. (hereinafter BNY), pursuant to RPAPL 1501(4) to cancel and discharge of record the consolidated mortgage. BNY interposed an answer with various affirmative defenses. Additionally, on or about August 6, 2018, BNY commenced an action against Medina, among others, to foreclose the consolidated mortgage (hereinafter the 2018 foreclosure action). Thereafter, in the instant action, Medina moved for summary judgment on the complaint and to dismiss BNY's affirmative defenses. BNY opposed the motion and cross-moved pursuant [*2]to CPLR 602 to consolidate this action with the 2018 foreclosure action. By order entered August 17, 2022, the Supreme Court, inter alia, denied those branches of Medina's motion which were for summary judgment on the complaint and to dismiss BNY's seventeenth, nineteenth, twentieth, twenty-second, and thirty-second affirmative defenses and granted BNY's cross-motion to consolidate this action with the 2018 foreclosure action to the extent of directing that the actions be tried jointly. Medina appeals.
Pursuant to RPAPL 1501(4), a "person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (Bank of Am., N.A. v Scher, 205 AD3d 985, 987-988 [internal quotation marks omitted]).
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). However "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, Medina demonstrated, prima facie, that the mortgage debt was accelerated and that the six-year statute of limitations began to run in June 2008, when BNY's predecessor in interest commenced the 2008 foreclosure action and elected to call due the entire amount secured by the consolidated mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). Thus, Medina established, prima facie, that at the time he commenced the instant action more than six years later, in 2016, an action to foreclose the consolidated mortgage, such as the 2018 foreclosure action, was time-barred (see CPLR 213[4]).
Applying the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), BNY failed to raise a triable issue of fact in opposition, because pursuant to FAPA, the voluntary discontinuance of the 2008 foreclosure action did not serve to reset the statute of limitations (see CPLR 3217[e]; 203[h]; ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 1001-1002; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 723).
BNY's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, we grant those branches of Medina's motion which were for summary judgment on the complaint and to dismiss BNY's seventeenth, nineteenth, twentieth, twenty-second, and thirty-second affirmative defenses, and deny BNY's cross-motion to consolidate this action with the 2018 foreclosure action.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court