Deutsche Bank Natl. Trust Co. v Rizvi (2025 NY Slip Op 04875)

Deutsche Bank Natl. Trust Co. v Rizvi

2025 NY Slip Op 04875

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2024-00398
 (Index No. 700960/16)

[*1]Deutsche Bank National Trust Company, appellant,
v
Syed Anwar H. Rizvi, respondent, et al., defendants.

Locke Lord LLP, New York, NY (Shawn A. Brenhouse of counsel), for appellant.
Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated August 23, 2023. The order, insofar as appealed from, granted the cross-motion of the defendant Syed Anwar H. Rizvi for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2006, the defendant Syed Anwar H. Rizvi (hereinafter the defendant) executed a note secured by a mortgage on real property located in East Elmhurst. In September 2009, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2009 action). In the complaint, the plaintiff elected to call due the entire outstanding mortgage debt. In February 2011, the plaintiff voluntarily discontinued the 2009 action. In June 2011, the plaintiff commenced a second action to foreclose the mortgage (hereinafter the 2011 action). In March 2012, the plaintiff voluntarily discontinued the 2011 action.
In January 2016, the plaintiff commenced this foreclosure action. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. By order dated August 23, 2023, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals from so much of the order as granted the defendant's cross-motion.
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (U.S. Bank N.A. v Santos, 218 AD3d 827, 828; see CPLR 213[4]). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694). "The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance" (U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, the defendant demonstrated, prima facie, that the mortgage debt was accelerated [*2]and that the six-year statute of limitations began to run in September 2009, when the plaintiff commenced the 2009 action and elected to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 743-744). The defendant further established, prima facie, that since the plaintiff did not commence the instant action until January 2016, more than six years later, this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition, the plaintiff failed to raise a triable issue of fact. Under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), the plaintiff's voluntary discontinuance of the 2009 action and the 2011 action did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; U.S. Bank N.A. v Medianik, 223 AD3d 935, 938; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946; HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672, 674).
The plaintiff's contentions challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
CHAMBERS, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court