U.S. Bank N.A. v Lafond (2022 NY Slip Op 01832)





U.S. Bank N.A. v Lafond


2022 NY Slip Op 01832


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-09441
 (Index No. 508945/15)

[*1]U.S. Bank National Association, appellant,
v
Shaunelle Lafond, etc., et al., defendants, Hancock Gardens NY Corp., respondent.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 8, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hancock Gardens NY Corp., to strike its answer, and for an order of reference, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Hancock Gardens NY Corp., to strike its answer, and for an order of reference is granted, and that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it is denied.
On July 21, 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, Hancock Gardens NY Corp. (hereinafter the defendant). The defendant answered the complaint, asserting as an affirmative defense that the action was barred by the statute of limitations. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was time-barred. In an order dated July 8, 2019, the Supreme Court denied those branches of the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
The Supreme Court erred in granting the defendant's cross motion. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; MLB Sub I, LLC v Clark, ___ AD3d ___, 2022 NY Slip Op 00420 [2d Dept]). The defendant established that the mortgage was accelerated on May 11, 2009, when the plaintiff commenced a prior mortgage foreclosure action (hereinafter the 2009 action) and elected to call due the entire amount secured by [*2]the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). However, the defendant also submitted in support of its cross motion an order of discontinuance dated March 28, 2014, granting the plaintiff's motion to discontinue the 2009 action. The discontinuance of the 2009 action in 2014 constituted an affirmative act of revocation of the acceleration of the debt within the six-year limitations period (see id.; U.S. Bank N.A. v Krakoff, 199 AD3d 859), and therefore, the defendant failed to establish that the instant action is untimely.
The Supreme Court also erred in denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference. The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see Deutsche Bank Natl. Trust Co. v Crosby, ___ AD3d ___, 2022 NY Slip Op 00402 [2d Dept]). In opposition, to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
The plaintiff's remaining contentions are either academic in light of our determination or without merit.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court