U.S. Bank N.A. v Connor (2022 NY Slip Op 02449)

U.S. Bank N.A. v Connor

2022 NY Slip Op 02449

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-14199
2019-14200
 (Index No. 613660/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Frank E. Connor, Jr., etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
McCalla Raymer Leibert Pierce, New York, NY (Margaret S. Stefandl of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Frank E. Connor, Jr., appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated October 24, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer with affirmative defenses, and for an order of reference, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him based upon the expiration of the statute of limitations. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
On December 5, 2005, the defendant Frank E. Connor, Jr. (hereinafter the defendant), executed a note in favor of Argent Mortgage Company, LLC, in the amount of $337,500. The note was secured by a mortgage on certain real property located in Suffolk County. Thereafter, the mortgage was assigned to LaSalle Bank, NA (hereinafter LaSalle). On August 26, 2008, LaSalle commenced an action to foreclose the mortgage against the defendant, among others (hereinafter the 2008 action). By order dated May 6, 2013, the 2008 action was "discontinued without prejudice."
Subsequently, the mortgage was assigned to U.S. Bank National Association (hereinafter the plaintiff). On July 20, 2017, the plaintiff commenced the instant action to foreclose the mortgage against the defendant, among others. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses, and for an order of reference. The defendant opposed the motion, and cross-moved, among other things, for summary judgment dismissing the complaint insofar as against him as time-barred. In support of the cross motion, the defendant submitted, inter alia, the complaint in the 2008 action and the order dated May 6, 2013. In an order dated October 24, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross motion. A second order of the same dated granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see Lubonty v U.S. Bank N.A., 159 AD3d at 963; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 31-32; Milone v US Bank N.A., 164 AD3d 145, 152).
Here, while the defendant established that the mortgage debt was accelerated in 2008, when LaSalle commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage, the 2013 discontinuance of the 2008 action constituted an affirmative act of revocation of the acceleration of the debt within the six-year limitation period. Therefore, the instant action is timely (see Freedom Mtge. Corp. v Engel, 37 NY3d at 31-32; U.S. Bank N.A. v Davids, 197 AD3d 1203), and the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 990-991). Further, the court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer with affirmative defenses, and for an order of reference.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court