U.S. Bank N.A. v Ford (2022 NY Slip Op 05176)

U.S. Bank N.A. v Ford

2022 NY Slip Op 05176

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-09777 
2020-03351
 (Index No. 513868/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Fernando Ford, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 14, 2019, and (2) an order of the same court dated January 28, 2020. The order dated March 14, 2019, granted the cross motion of the defendant Fernando Ford pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and denied, in effect, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Fernando Ford, to strike that defendant's answer, and for an order of reference. The order dated January 28, 2020, denied the plaintiff's motion for leave to renew or reargue its prior motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant Fernando Ford, to strike that defendant's answer, and for an order of reference, and its opposition to the prior cross motion of the defendant Fernando Ford pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the appeal from so much of the order dated January 28, 2020, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated January 28, 2020, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic, without cost or disbursements, in light of our determination of the appeal from the order dated March 14, 2019; and it is further,
ORDERED that the order dated March 14, 2019, is reversed, on the law, without costs or disbursements, the cross motion of the defendant Fernando Ford pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Fernando Ford, to strike that defendant's answer, and for an order of reference in accordance herewith.
On July 18, 2017, the plaintiff commenced this action to foreclose a mortgage against the defendant Fernando Ford (hereinafter the defendant), among others. The defendant interposed [*2]an answer in which he asserted, inter alia, an affirmative defense that the action was barred by the statute of limitations. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In an order dated March 14, 2019, the Supreme Court granted the defendant's cross motion and, in effect, denied the plaintiff's motion as academic. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). In the case of a mortgage payable in installments, a separate cause of action accrues for each installment that is not paid, but once the debt is accelerated, the limitations period begins to run on the entire debt (see MLB Sub I, LLC v Clark, 201 AD3d 925, 927; U.S. Bank N.A. v Krakoff, 199 AD3d 859, 861-862; U.S. Bank N.A. v Davids, 197 AD3d 1203, 1204). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069; see MLB Sub I, LLC v Clark, 201 AD3d at 927; U.S. Bank N.A. v Krakoff, 199 AD3d at 862). "[W]here the maturity of the debt has been validly accelerated by the commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19; see MLB Sub I, LLC v Clark, 201 AD3d at 927; U.S. Bank N.A. v Krakoff, 199 AD3d at 862; U.S. Bank N.A. v Davids, 197 AD3d at 1204).
Here, in support of his cross motion, the defendant established that the mortgage debt was accelerated on April 4, 2007, when the plaintiff's predecessor in interest commenced a prior foreclosure action (hereinafter the 2007 action) and elected to call due the entire amount secured by the mortgage. However, the defendant also submitted evidence which demonstrated that the 2007 action was voluntarily discontinued in 2008. In addition, while the defendant established that the mortgage debt was again accelerated on February 8, 2008, when the plaintiff's predecessor in interest commenced a second, prior foreclosure action (hereinafter the 2008 action) and elected to call due the entire amount secured by the mortgage, the defendant's submissions also demonstrated that the 2008 action was voluntarily discontinued in 2013. The discontinuance of the 2007 action in 2008, and of the 2008 action in 2013, constituted affirmative acts of revocation of the acceleration of the debt within the six-year limitations period (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; U.S. Bank N.A. v Lafond, 203 AD3d 983, 984; U.S. Bank N.A. v Krakoff, 199 AD3d at 862; U.S. Bank N.A. v Davids, 197 AD3d at 1204-1205), and therefore, the defendant failed to establish that this action is untimely.
Accordingly, the Supreme Court should have denied the defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. Under the circumstances, because the court denied, in effect, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, we remit the matter to the Supreme Court, Kings County, for a determination of the plaintiff's motion on the merits.
In light of the foregoing, we need not address the plaintiff's contentions regarding alternative grounds for reversal.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court