Ronen, LLC v Hanipoly (2023 NY Slip Op 05630)

Ronen, LLC v Hanipoly

2023 NY Slip Op 05630

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-05650 
2020-07938
 (Index No. 510107/19)

[*1]Ronen, LLC, respondent, 
v
Bais Hamedrash Ateres Chaim Hanipoly, appellant, et al., defendants.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Rosenberg Fortuna & Laitman, LLP [Anthony R. Filosa], of counsel), for appellant.
Vallely Law PLLC, Syosset, NY (Erick Vallely of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bais Hamedrash Ateres Chaim Hanipoly appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 18, 2020, and (2) an order of the same court (Robin K. Sheares, J.) dated October 6, 2020. The order dated February 18, 2020, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Bais Hamedrash Ateres Chaim Hanipoly, to strike that defendant's answer, to dismiss that defendant's affirmative defenses and its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and for an order of reference, and denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred and on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The order dated October 6, 2020, insofar as appealed from, upon reargument, in effect, adhered to the prior determination in the order dated February 18, 2020, denying the cross-motion of the defendant Bais Hamedrash Ateres Chaim Hanipoly for summary judgment dismissing the complaint insofar as asserted against it as time-barred and on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, to dismiss that defendant's affirmative defenses and its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and for an order of reference.
ORDERED that the order dated February 18, 2020, is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order dated October 6, 2020, as, in effect, upon reargument, adhered to the prior determination in the order dated February 18, 2020, denying the cross-motion of the defendant Bais Hamedrash Ateres Chaim Hanipoly for summary judgment dismissing the complaint insofar as asserted against it as time-barred and on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, to dismiss that defendant's affirmative defenses and its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and for an order of reference is vacated, and the matter is remitted [*2]to the Supreme Court, Kings County, for further proceedings in accordance herewith; and it is further,
ORDERED that the appeal from the order dated October 6, 2020, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated February 18, 2020.
In August 2009, J.P. Morgan Mortgage Acquisition Corp. (hereinafter JP Morgan) commenced an action (hereinafter the 2009 action) against the defendant Bais Hamedrash Ateres Chaim Hanipoly (hereinafter the defendant), among others, to foreclose a mortgage on a condominium unit in Brooklyn.
By order dated October 17, 2013 (hereinafter the 2013 order), the Supreme Court granted dismissal of the complaint as abandoned pursuant to CPLR 3215(c). By order dated November 3, 2014 (hereinafter the 2014 order), the court denied JP Morgan's motion to vacate the 2013 order and to restore the action to the active calendar. The mortgage was ultimately assigned to the plaintiff in this action.
In March 2019, JP Morgan filed notices of appeal from the 2013 and 2014 orders. The appeals were later deemed dismissed for failure to perfect.
On May 6, 2019, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which it asserted, inter alia, various affirmative defenses, including that the action was barred by the statute of limitations, as well as a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff served a reply to the counterclaims.
In August 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, to dismiss the defendant's affirmative defenses and counterclaims, and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against it as time-barred and on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In reply, the plaintiff argued that the action was timely pursuant to CPLR 205(a) because it was commenced within six months of the termination of the 2009 action, which occurred six months after the notices of appeal from the 2013 and 2014 orders were filed in March 2019.
In an order dated February 18, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. Thereafter, the defendant moved, inter alia, for leave to reargue its cross-motion and those branches of the plaintiff's motion. The plaintiff opposed the motion. In an order dated October 6, 2020, the court, among other things, granted leave to reargue, and, upon reargument, in effect, adhered to the prior determination in the order dated February 18, 2020, denying the defendant's cross-motion. The defendant appeals from the orders dated February 18, 2020, and October 6, 2020.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Dallas, 212 AD3d 680). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see Lubonty v U.S. Bank N.A., 34 NY3d at 261).
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1073-1074).
Here, in support of its cross-motion, the defendant established, prima facie, that the mortgage debt was accelerated on August 4, 2009, when JP Morgan, the plaintiff's predecessor in interest, commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see MTGLQ Invs., LP v Lopez, 204 AD3d 991, 992; U.S. Bank N.A. v Doura, 204 AD3d 721, 723). The defendant further established that this action was commenced in 2019, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d at 723).
On this appeal, the plaintiff contends that the 2009 action was not dismissed for neglect to prosecute within the meaning of CPLR 205(a), and, thus, the instant action was timely pursuant to the six-month savings provision of that statute. The plaintiff further claims that, as a successor in interest, it is entitled to the protections of CPLR 205(a). However, the Legislature recently enacted the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]; hereinafter FAPA), which specifically defines a dismissal pursuant to CPLR 3215 as a form of neglect that precludes a plaintiff from taking advantage of the six-month savings provision (see id. § 205-a[a]), and also provides that a successor in interest shall not be permitted to commence a new action unless it is acting on behalf of the original plaintiff (see id. § 205-a[a][1]). The defendant claims that FAPA is dispositive of the appeal and requires reversal, while the plaintiff challenges the constitutionality of the retroactive application of FAPA to this and other matters. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA, we remit the matter to the Supreme Court, Kings County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the subject branches of the plaintiff's motion and the defendant's cross-motion thereafter (see U.S. Bank N.A. v Simon, 216 AD3d 1041, 1043).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in view of our determination.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court