Sarkar v Deutsche Bank Trust Co. Ams. (2024 NY Slip Op 01211)

Sarkar v Deutsche Bank Trust Co. Ams.

2024 NY Slip Op 01211

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-02241
 (Index No. 706260/18)

[*1]Shovan Sarkar, appellant, 
v
Deutsche Bank Trust Company Americas, etc., respondent.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Brian Pantaleo of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered March 2, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion for summary judgment on the complaint and dismissing the defendant's counterclaims.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
On February 5, 2007, the plaintiff, Shovan Sarkar, executed a note in the amount of $502,400 in favor of Homecomings Financial, LLC (hereinafter Homecomings). The note was secured by a mortgage on certain real property located in Queens. In August 2009, Homecomings' successor in interest, the defendant, Deutsche Bank Trust Company Americas (hereinafter Deutsche Bank), commenced an action to foreclose the mortgage against Sarkar, among others (hereinafter the 2009 action), in which Deutsche Bank elected to call due the entire amount secured by the mortgage. The 2009 action was discontinued on February 8, 2011. On August 9, 2011, Deutsche Bank commenced a second action to foreclose the mortgage against Sarkar, among others (hereinafter the 2011 action). The 2011 action was discontinued by stipulation dated October 21, 2013.
On April 23, 2018, Sarkar commenced the instant action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations within which to commence a foreclosure action had expired. In its answer, Deutsche Bank asserted counterclaims seeking to recover the mortgage debt based on theories of breach of contract and unjust enrichment, as well as various affirmative defenses. Thereafter, Deutsche Bank moved for summary judgment dismissing the complaint, and Sarkar cross-moved for summary judgment on the complaint and dismissing Deutsche Bank's counterclaims. In an order entered March 2, 2022, the Supreme Court granted Deutsche Bank's motion and denied Sarkar's cross-motion. Sarkar appeals.
RPAPL 1504(4) provides that "[w]here the period allowed by the applicable statute [*2]of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom." An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863).
Here, in support of his cross-motion, Sarkar established, prima facie, that the mortgage debt was accelerated, and the statute of limitations began to run, in August 2009, when Deutsche Bank commenced the first mortgage foreclosure action in which it elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201; U.S. Bank N.A. v Connor, 204 AD3d at 863). Since the instant action was commenced more than six years later in 2018, Sarkar established, prima facie, that an action to foreclose the mortgage was time-barred (see CPLR 213[4]). Given this showing, Sarkar also established, prima facie, that Deutsche Bank's counterclaims were also time-barred (see RPAPL 1301[4]).
In opposition, Deutsche Bank argued that this action was timely commenced because its discontinuances of the 2009 action and the 2011 action served to revoke its prior act of acceleration and reset the statute of limitations. Contrary to Deutsche Bank's contention, pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA), its voluntary discontinuances of the 2009 action and the 2011 action did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682).
However, on appeal, Deutsche Bank challenges the constitutionality of the retroactive application of FAPA to this and other matters. Inasmuch as the Supreme Court did not consider issues relating to the constitutionality of FAPA in determining Deutsche Bank's motion for summary judgment dismissing the complaint and Sarkar's cross-motion for summary judgment on the complaint and dismissing Deutsche Bank's counterclaims, we remit the matter to the Supreme Court, Queens County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination of the motion and the cross-motion thereafter (see Ronen, LLC v Bais Hamesdrash Ateres Chaim Hanipoly, 221 AD3d 741; Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court