Deutsche Bank Natl. Trust Co. v Williams (2025 NY Slip Op 03552)

Deutsche Bank Natl. Trust Co. v Williams

2025 NY Slip Op 03552

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-11446
 (Index No. 503567/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Tariq Williams, et al., defendants, Stewart Jean-Baptiste, respondent.

Hinshaw & Culbertson LLP, New York, NY (Ben Z. Raindorf and Anthony P. Scali of counsel), for appellant.
Chidi Eze (McKinley Law, P.C., Lloyd Harbor, NY [Shannon McKinley], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 3, 2023. The order, insofar as appealed from, upon renewal, vacated a prior determination in an order of the same court dated November 23, 2022, denying the cross-motion of the defendant Stewart Jean-Baptiste for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and thereupon granted the cross-motion.
ORDERED that the order dated July 3, 2023, is affirmed insofar as appealed from, with costs.
In December 2007, Impac Funding Corporation, doing business as Impac Lending Group (hereinafter Impac), commenced an action to foreclose a mortgage against the defendant Stewart Jean-Baptiste (hereinafter the defendant), among others. The complaint stated that Impac "has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal." On June 18, 2012, Impac and the defendant entered into a stipulation in which Impac agreed to discontinue the action.
In February 2018, the plaintiff, Impac's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. In his answer, the defendant asserted an affirmative defense alleging that the action was time-barred. The defendant also asserted a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that any foreclosure action would be time-barred.
In December 2019, the defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the action was time-barred. In an order dated November 23, 2022, the Supreme Court, inter alia, denied the cross-motion.
In March 2023, the defendant moved for leave to renew his cross-motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the action was time-barred pursuant to the newly enacted Foreclosure Abuse Prevention Act (hereinafter FAPA). The plaintiff opposed the motion, arguing, among other things, that the retroactive application of FAPA was unconstitutional under the Takings and Due Process Clauses of the United States Constitution.
In an order dated July 3, 2023, the Supreme Court, inter alia, upon renewal, granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim. The court determined that, pursuant to FAPA, the action was time-barred. The court declined to address the plaintiff's argument regarding the constitutionality of the retroactive application of FAPA. The plaintiff appeals.
The Supreme Court, upon renewal, properly determined that this action was not timely commenced under FAPA. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the mortgage debt was first accelerated, and the statute of limitations began to run, when Impac commenced the prior foreclosure action in December 2007 and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Contrary to the plaintiff's contention, pursuant to CPLR 3217, as amended by FAPA (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the prior action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Investors, L.P., 233 AD3d 1038).
Accordingly, the Supreme Court, upon renewal, properly granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the action was time-barred.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court