Deutsche Bank Natl. Trust Co. v Pena (2025 NY Slip Op 03996)

Deutsche Bank Natl. Trust Co. v Pena

2025 NY Slip Op 03996

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-03614
 (Index No. 720103/20)

[*1]Deutsche Bank National Trust Company, as trustee for New Century Home Equity Loan Trust, Series 2005-D, Asset Backed Pass-Through Certificates, appellant, 
v
Juan Pena, respondent, et al., defendants.

Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for appellant.
Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 13, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Juan Pena which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 21, 2005, the defendant Juan Pena (hereinafter the defendant) executed a note in the amount of $364,000 in favor of New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on certain real property located in Queens.
On June 22, 2006, Deutsche Bank National Trust Company, Trustee (hereinafter Deutsche Bank 1), New Century's successor in interest, commenced an action to foreclose the mortgage against the defendant, among others. The complaint stated that the "[p]laintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal."
In an order dated December 3, 2014, the Supreme Court directed dismissal of the complaint on the ground that Deutsche Bank 1 had failed to comply with a prior order of the court. In an order dated February 27, 2018, the court denied Deutsche Bank 1's motion to vacate the order dated December 3, 2014, and to restore the action to the active calendar. Deutsche Bank 1 filed a notice of appeal from the order dated February 27, 2018, and the appeal was deemed dismissed in November 2020.
In October 2020, the plaintiff, Deutsche Bank National Trust Company, as trustee for New Century Home Equity Loan Trust, Series 2005-D, Asset Backed Pass-Through Certificates, commenced the instant action, inter alia, to foreclose the mortgage against the defendant, among others. In November 2020, the defendant moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
In opposition, the plaintiff argued, inter alia, that it had timely recommenced the original foreclosure action pursuant to the six-month savings provision in CPLR 205(a). In reply, the defendant argued that Deutsche Bank 1 and the plaintiff were different entities and, thus, that the [*2]plaintiff was not entitled to recommence pursuant to CPLR 205(a). The defendant submitted an assignment of the mortgage dated November 5, 2020, assigning the mortgage from Deutsche Bank 1 to the plaintiff.
In an order entered April 13, 2022, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 693). "The burden then shift[s] to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the defendant met his prima facie burden by establishing that the mortgage debt was first accelerated, and the statute of limitations began to run, when Deutsche Bank 1 commenced the first foreclosure action on June 22, 2006 (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Thus, the statute of limitations expired on June 22, 2012. The instant foreclosure action was commenced on October 28, 2020, more than eight years later.
Under CPLR 205(a), where an action is timely commenced and is terminated for any reason other than those specified in the statute, "the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period" (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78).
However, the Foreclosure Abuse Prevention Act (L 2022, ch 821, eff Dec. 30, 2022) (hereinafter FAPA) created a new statute, CPLR 205-a, which is specific to real property actions and states that the six-month savings provision does not apply where a prior foreclosure action was dismissed due to "any form of neglect, . . . for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment" (id. § 205-a[a]). In addition, CPLR 205-a(a)(1) states that "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff" (see Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d 741, 745).
FAPA "replaced the savings provision of CPLR 205(a) with CPLR 205-a" in foreclosure actions (Pryce v U.S. Bank, N.A., 226 AD3d 711, 713). Here, since the prior foreclosure action was dismissed due to Deutsche Bank 1's failure to comply with a court order, and since the plaintiff failed to plead or prove that it is acting on behalf of Deutsche Bank 1, the plaintiff is not entitled to the benefit of the six-month savings provision in CPLR 205-a (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
The plaintiff's remaining contentions need not be reached in view of the foregoing.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court