HSBC Bank USA, N.A. v Vinci (2025 NY Slip Op 04555)

HSBC Bank USA, N.A. v Vinci

2025 NY Slip Op 04555

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-05238
 (Index No. 615558/22)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Jeff Vinci, respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Evan N. Soyer and Schuyler B. Kraus of counsel), for appellant.
Somer & Heller LLP, Commack, NY (Barbara Hutter and Jeffrey T. Heller of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated May 31, 2023. The order granted the motion of the defendant Jeff Vinci pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed, with costs.
On October 31, 2006, the defendant Jeff Vinci (hereinafter the defendant) executed a note in the amount of $328,500 in favor of Fremont Investment & Loan (hereinafter Fremont). The note was secured by a mortgage on certain real property located in Suffolk County.
In January 2013, the plaintiff, Fremont's successor in interest, commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2013 action). The complaint stated that the plaintiff "elects to accelerate the entire principal balance of $311,736.15 to be immediately due and payable under the mortgage herein foreclosed." On December 7, 2015, while the 2013 action was still pending, the plaintiff commenced a second action against the defendant, among others, to foreclose the mortgage (hereinafter the 2015 action).
In an order dated October 26, 2017, the Supreme Court granted the plaintiff's motion to discontinue the 2013 action, without prejudice. In an order dated October 17, 2018, the court, inter alia, granted the defendant's cross-motion pursuant to RPAPL 1301(3) to dismiss the 2015 action insofar as asserted against him on the ground that the 2015 action had been commenced while the 2013 action was still pending.
By letter dated January 8, 2019, Ocwen Loan Servicing, LLC, the plaintiff's loan servicer, on behalf of the plaintiff, purported to de-accelerate the loan and to reinstate it as an installment loan.
On August 9, 2022, the plaintiff commenced the instant action against the defendant, among others, to foreclose the mortgage. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In an order dated May 31, [*2]2023, the Supreme Court granted the motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863).
Here, the note was accelerated and the statute of limitations began to run in January 2013 when the plaintiff commenced the 2013 action in which it elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201; U.S. Bank N.A. v Connor, 204 AD3d at 863). Contrary to the plaintiff's contention, pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff. Dec. 30, 2022]), the voluntary discontinuance of the 2013 action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). Also contrary to the plaintiff's contention, pursuant to CPLR 203, as amended by FAPA, the plaintiff's purported unilateral de-acceleration of the loan failed to revive or reset the statute of limitations (see CPLR 203[h]; Anglestone Real Estate Venture Partners Corp. v Bank of N.Y. Mellon, 221 AD3d 943, 946-947).
The plaintiff's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court