Deutsche Bank Natl. Trust Co. v Nelson (2025 NY Slip Op 05217)

Deutsche Bank Natl. Trust Co. v Nelson

2025 NY Slip Op 05217

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-11096
 (Index No. 615689/18)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Pierre Lucien Nelson, etc., et al., respondents, et al., defendants.

Tromberg, Morris & Partners, PLLC, New York, NY (Brettanie Hart Saxton of counsel), for appellant.
Charles Wallshein, Melville, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated September 18, 2023. The order denied the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, granted that branch of the cross-motion of the defendants Pierre Lucien Nelson and Yvonette Sylvaint, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference, which had been granted in an order of the same court dated September 13, 2022, and, upon renewal, in effect, vacated so much of the order dated September 13, 2022, as granted those branches of the plaintiff's prior motion, and thereupon denied those branches of the prior motion, and granted that branch of those defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated September 18, 2023, is affirmed, with costs.
On March 2, 2006, the defendant Pierre Lucien Nelson executed a note in the sum of $399,000 in favor of New Century Mortgage Corporation (hereinafter New Century), which was secured by a mortgage on certain real property located in Uniondale. The mortgage agreement was signed by both Nelson and the defendant Yvonette Sylvaint (hereinafter together the defendants).
On April 12, 2012, the plaintiff, New Century's successor in interest, commenced an action to foreclose the mortgage against, among others, the defendants (hereinafter the 2012 action). In an order dated February 6, 2014, the Supreme Court granted the plaintiff's motion to voluntarily discontinue the 2012 action, without prejudice.
On November 24, 2018, the plaintiff commenced the instant action to foreclose the mortgage against, among others, the defendants. In their answer, the defendants alleged, inter alia, that the action was time-barred. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, arguing, inter alia, that the voluntary discontinuance of the 2012 action constituted an affirmative act of revocation of the prior acceleration of the mortgage debt. In an order dated September 13, 2022, the [*2]Supreme Court granted the plaintiff's motion.
In February 2023, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendants cross-moved, in effect, (1) for leave to renew their opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against them and for an order of reference and (2) for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In support, the defendants argued that the complaint was time-barred under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), which was enacted in December 2022. In an order dated September 18, 2023, the Supreme Court denied the plaintiff's motion, granted leave to renew and, upon renewal, in effect, vacated so much of the order dated September 13, 2022, as granted those branches of the plaintiff's prior motion, and thereupon denied those branches of the prior motion, and granted that branch of the defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff appeals.
"As relevant here, a motion for leave to renew must demonstrate that there has been a change in the law that would change the prior determination" (Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858; see CPLR 2221[e][2]). Here, the defendants demonstrated a change in the law based upon the enactment of FAPA subsequent to the determination of the plaintiff's prior motion, among other things, for summary judgment on the complaint insofar asserted against the defendants and for an order of reference. Accordingly, the Supreme Court properly granted that branch of the defendants' cross-motion which was, in effect, for leave to renew their opposition to those branches of the plaintiff's prior motion.
Furthermore, the Supreme Court properly determined that the defendants were entitled to judgment as a matter of law dismissing the complaint insofar as asserted against them as time-barred. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank, N.A. v Connor, 204 AD3d 861, 862-863). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (HSBC Bank USA, N.A. v MD A. Islam, 221 AD3d 672, 673).
Here, the mortgage debt was accelerated, and the statute of limitations began to run, on April 12, 2012, when the plaintiff commenced the 2012 action in which it elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201; U.S. Bank N.A. v Connor, 204 AD3d at 863). Contrary to the plaintiff's contention, pursuant to CPLR 3217, as amended by FAPA, the voluntary discontinuance of the 2012 action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682). Also contrary to the plaintiff's contention, the Supreme Court properly determined that the retroactive application of FAPA did not violate the Due Process or Contract Clauses of the United States Constitution (see Deutsche Bank National Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Avenue v MTGLQ Invs., L.P., 233 AD3d 1038). Moreover, since the instant action was commenced more than six years after April 12, 2012, this action was untimely.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly, upon renewal, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and granted that branch of the defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court