Deutsche Bank Natl. Trust Co. v Mayer (2025 NY Slip Op 06689)

Deutsche Bank Natl. Trust Co. v Mayer

2025 NY Slip Op 06689

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06688
 (Index No. 68272/19)

[*1]Deutsche Bank National Trust Co., etc., appellant,
v
Charles Mayer, et al., defendants, Maria Etim, respondent.

McGlinchey Stafford, PLLC, New York, NY (Matthew J. Gordon and Jason Lipkin of counsel), for appellant.
Michael Kennedy Karlson, New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Thomas Quiñones, J.), dated April 29, 2024. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Maria Etim and for an order of reference and, in effect, upon searching the record, awarded that defendant summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a new determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Maria Etim and for an order of reference.
In 2007, Charles Mayer (hereinafter the borrower) executed a note in the amount of $565,250 in favor of GE Money Bank (hereinafter GE). The note was secured by a mortgage on certain real property located in Westchester County. The mortgage was signed by both the borrower and the defendant Maria Etim (hereinafter the defendant).
On July 15, 2013, the plaintiff, GE's successor in interest, commenced an action to foreclose the mortgage against, among others, the defendant (hereinafter the first foreclosure action). The complaint stated that the "plaintiff elects to declare the entire balance of the principal indebtedness and all interest and other charges due under said note and mortgage immediately due and payable." In an order dated January 11, 2019, following a trial, the Supreme Court confirmed a report of a referee and directed dismissal of the complaint on the ground that the plaintiff had failed to comply with RPAPL 1304. The plaintiff filed a notice of appeal from the order dated January 11, 2019. This Court granted the plaintiff's application for an enlargement of time to perfect the appeal until October 15, 2019. The plaintiff failed to perfect that appeal, and it was deemed dismissed.
On November 4, 2019, the plaintiff commenced the instant action to foreclose the mortgage against, among others, the defendant. The defendant was personally served with the summons and complaint on November 19, 2019. The defendant interposed an answer, asserting, inter alia, an affirmative defense alleging that the action was time-barred. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the [*2]defendant and for an order of reference. In opposition, the defendant argued that the action was time-barred and that the court should search the record and award her summary judgment dismissing the complaint insofar as asserted against her as time-barred. In an order dated April 29, 2024, the Supreme Court denied the plaintiff's motion on the ground that the action was time-barred and, in effect, upon searching the record, awarded the defendant summary judgment dismissing the complaint insofar as asserted against her as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated, as relevant here, by the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the mortgage debt was first accelerated, and the statute of limitations began to run, when the plaintiff commenced the first foreclosure action on July 15, 2013 (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Thus, the statute of limitations expired six years later on July 15, 2019. The instant action was not commenced until November 4, 2019, after the statute of limitations had expired.
However, as part of the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]), a new statute, CPLR 205-a, which governs actions in which a bond or note is secured by a mortgage on real property, was enacted. FAPA "replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions, like here, upon instruments described in CPLR 213(4)" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 713). "[U]nder both CPLR 205(a) and CPLR 205-a, where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period" (Sperry Assoc. Fed. Credit Union v John, 218 AD3d 707, 710; see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78).
Under CPLR 205(a) or 205-a, this action was timely insofar as asserted against the defendant. CPLR 205-a and 205(a) both state that a plaintiff may not take advantage of the six-month savings provision if the prior action was terminated by a final judgment upon the merits. Here, the first foreclosure action was dismissed due to the plaintiff's failure to establish compliance with RPAPL 1304. "[A] dismissal for failure to comply with RPAPL 1304 [does] not constitute a dismissal on the merits for the purposes of CPLR 205(a) and 205-a because the dismissal of a complaint for the failure to satisfy a condition precedent to suit is not a final judgment upon the merits for the purposes of CPLR 205(a)" (Deutsche Bank Natl. Trust Co. v Zak, 235 AD3d 839, 842 [alteration and internal quotation marks omitted]; see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d at 76). Thus, contrary to the Supreme Court's determination, the first foreclosure action was not terminated by a final judgment upon the merits.
Moreover, the plaintiff commenced the instant action within six months of the termination of the first foreclosure action. "For the purposes of CPLR 205-a, as for the purposes of CPLR 205(a), termination of the prior action occurs when appeals as of right are exhausted" (U.S. Bank N.A. v Coleman, 215 AD3d 780, 782 [internal quotation marks omitted]). Here, the plaintiff's appeal as of right from the order directing dismissal of the first foreclosure action was not exhausted until October 15, 2019. Since the plaintiff commenced the instant action on November 4, 2019, and service upon the defendant was complete on November 19, 2019, the instant action was timely (see Deutsche Bank Natl. Trust Co. v Zak, 235 AD3d at 842; U.S. Bank N.A. v Coleman, 215 AD3d at 783).
Accordingly, the Supreme Court should not have denied the plaintiff's motion, inter [*3]alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference on the ground that the action was time-barred and, in effect, upon searching the record, awarded the defendant summary judgment dismissing the complaint insofar as asserted against her as time-barred.
Since the Supreme Court did not consider the merits of the plaintiff's motion, the matter must be remitted to the Supreme Court, Westchester County, for a new determination of that motion on the merits (see TD Bank, N.A. v Raphael, 236 AD3d 701, 703).
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court